UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAGGIE MILLER-STOUT, *et al.*,<br><br>　　　　　Defendants. | Case No.  C06-5432 RBL/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**November 24, 2006** |

　　　This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.  Plaintiff's application was deficient as the Court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by Plaintiff.  Accordingly, Plaintiff was ordered to show cause why his application should not be dismissed.  (Dkt. # 3).  Plaintiff has not responded to the Court's Order.

DISCUSSION

　　　The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

　　　Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  See Temple v. Ellerthorpe, 586

1  F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v.
2  Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973),
3  *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).
4       On September 13, 2006, Plaintiff was ordered to cure the deficiencies in his application to proceed
5  *in forma pauperis* by providing no later than October 13, 2006, a copy of his prison trust account
6  statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the
7  six-month period immediately preceding the filing of his complaint; a copy of the acknowledgment and
8  authorization form pursuant to 28 U.S.C. § 1915(b); a copy of the written consent required by Local Rule
9  CR3(b); a proposed Complaint, with appropriate copies and completed Marshal forms. (Dkt. # 3).
10 Plaintiff did not respond to the order to show cause nor did he request an extension of time within which to
11 respond.

## CONCLUSION

14      Because Plaintiff has failed to respond to the Court's order to show cause regarding his need to pay
15 the court filing fee or file a proper application to proceed *in forma pauperis*, the undersigned recommends
16 the court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of
17 the Court's order.
18      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have
19 ten (10) days from service of this Report and Recommendation to file written objections thereto. See also
20 Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
21 Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b),
22 the Clerk is directed to set this matter for consideration on **November 24, 2006**, as noted in the caption.

24      Dated this  31st   day of October, 2006.

          Karen L. Strombom
          United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2